```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                  Civil No. 13-405(DSD/JSM)
```

James Selmon-Vasser,

       Plaintiff,

v.  **ORDER**

Hennepin County,

       Defendant.

    Daniel G. Leland, Esq. and Baillon, Thome, Jozwiak & Wanta, LLP, 222 South Ninth Street, Suite 2955, Minneapolis, MN 55402, counsel for plaintiff.

    Beverly J. Wolfe, Charles H. Salter, Hennepin County Attorney's Office, A2000, 300 South Sixth Street, Minneapolis, MN 55487, counsel for defendant.

This matter is before the court upon the amended motion to dismiss by defendant Hennepin County. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

## BACKGROUND

This employment dispute arises out of the November 2011 termination of plaintiff James Selmon-Vasser by the Hennepin County Department of Community Corrections and Rehabilitation (DOCCR). At the time of his termination, Selmon-Vasser was employed as a probation officer in the Hennepin County Drug Court. Am. Compl. ¶ 7.

From September 2008 to January 2009, Selmon-Vasser had a romantic relationship with a co-worker, Alyssa Walswick. Id. ¶ 8. Walswick was promoted to Acting Drug Court Corrections Supervisor in November 2008. Id. ¶ 9. Shortly thereafter, Selmon-Vasser ended the relationship. Id. ¶ 10. Selmon-Vasser alleges that Walswick subsequently retaliated against him by (1) reprimanding him and placing him on a Performance Improvement Plan in mid-2009 and (2) reprimanding him again in July 2010. Id. ¶ 11.

In May or June of 2011, Selmon-Vasser applied and interviewed for a position as a Neighborhood Probation Officer. Id. ¶ 13. Selmon-Vasser was not hired for the position. Id. ¶¶ 15-16. Selmon-Vasser alleges that he did not receive the position because Walswick had "giv[en] [him] a bad name in [Hennepin] County." Id. ¶ 16.

On November 4, 2011, while off duty, Selmon-Vasser was assaulted by two co-workers, Juliana Schroeder and Melissa Toavs. Id. ¶¶ 18-19. During the altercation, Schroeder also broke the windshield of his vehicle. Id. ¶ 19. Selmon-Vasser reported the assault and vehicle damage to the South St. Paul Police Department. Id. ¶ 20. Following the incident, on November 5, 2011, DOCCR Division Manager Brian Kopperud placed Selmon-Vasser on administrative leave. Id. ¶ 22.

Selmon-Vasser met with Kopperud, DOCCR Program Manager Mike Gephart and union representative Bobbi Harrington on November 15,

2

2011.  Id. ¶¶ 23-24.  At the meeting, Selmon-Vasser disclosed that he was romantically involved with both Schroeder and Toavs.  Id. ¶ 25.  Kopperud and Gephart asked Selmon-Vasser several questions about those relationships during the meeting.  Id. ¶ 26. Thereafter, on November 21, 2011, Selmon-Vasser received a "Notice of Intent" to terminate his employment.  Id. ¶ 28.  On November 28, 2011, Selmon-Vasser had a hearing on the proposed termination, during which he disclosed his previous relationship with Walswick. Id. ¶¶ 29, 31.  Selmon-Vasser also alleged at the hearing that he had "endure[d] a hostile, unfair, and discriminatory work environment" because of that relationship.  Id. ¶ 32.  On November 28, 2011, DOCCR Workforce Administrator Rich Tiedeman informed Selmon-Vasser that the decision to terminate his employment was being upheld.  Id. ¶ 35.

On June 1, 2012, Selmon-Vasser filed administrative charges with the EEOC and the Minnesota Department of Human Rights (MDHR). Id. ¶¶ 45, 46.  On January 28, 2013, Selmon-Vasser filed a complaint in Minnesota court.  Hennepin County timely removed and moved to dismiss.  Thereafter, on March 18, 2013, Selmon-Vasser filed an amended complaint, alleging sex discrimination, race discrimination,[1] retaliation and reprisal.  Hennepin County renews its motion to dismiss.

---

[1] Selmon-Vasser alleges the sex and race discrimination claims under both Title VII and the Minnesota Human Rights Act (MHRA).

**DISCUSSION**

**I.  Standard of Review**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d).  The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted).  In this case, the EEOC charge

4

and correspondence regarding Selmon-Vasser's disciplinary hearing are necessarily embraced by the pleadings and are properly considered.

## II. Failure to Promote

Hennepin County argues that the claims relating to its decision not to hire Selmon-Vasser as a Neighborhood Probation Officer should be dismissed. Specifically, Hennepin County argues that (1) Selmon-Vasser did not exhaust his administrative remedies for his failure-to-promote claim and (2) has not adequately pleaded that he was denied a promotion.

### A. Exhaustion of Administrative Remedies

Hennepin County argues that Selmon-Vasser did not exhaust his administrative remedies for his failure-to-promote claims. Specifically, Hennepin County argues that the allegations included in the EEOC charge - that Hennepin County retaliated against Selmon-Vasser by "rejecting [his] application for another position" - did not provide sufficient notice of the failure-to-promote claims. See Wolfe Aff. Ex. 2, at 2.

A Title VII plaintiff must first exhaust administrative remedies by filing a charge with the EEOC and receiving notice of

a right to sue.[2]  Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000).

> The information contained in an EEOC charge must be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim, but it need not specifically articulate the precise claim or set forth all the evidence an employee may choose to later present in court.

Wallace v. DTG Operations, Inc., 442 F.3d 1122, 1123 (8th Cir. 2006) (citation omitted), abrogated on other grounds by Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011). Rather, the court construes administrative charges liberally, permitting a plaintiff to "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." Stuart, 217 F.3d at 631 (citation and internal quotation marks omitted).

---

[2] Similarly, under the MHRA, "[a] claim of an unfair discriminatory practice must be brought as a civil action ..., filed in a charge with a local commission ... or filed in a charge with the commissioner within one year after the occurrence of the practice." Minn. Stat. § 363A.28, subdiv. 3. Selmon-Vasser dual filed a charge of discrimination with the MDHR and EEOC on June 1, 2012. Am. Compl. ¶¶ 45-46; see Yousuf v. Fairview Univ. Med. Ctr., No. 12-2191, 2013 WL 1900653, at *3 (D. Minn. Apr. 10, 2013) (Rau, M.J.) ("Dual filing is a process by which a claimant files a charge of discrimination with a state or local agency, which then sends a copy of the charge to the EEOC." (citation omitted)), adopted by 2013 WL 1900651 (May 7, 2013). The court applies the same analysis to claims under the MHRA and Title VII when, as here, the claims depend on identical facts and theories. See Kasper v. Federated Mut. Ins. Co., 425 F.3d 496, 502 (8th Cir. 2005). As a result, the court's analysis of exhaustion applies equally to the MHRA failure-to-promote claim.

Here, the allegations that Selmon-Vasser included in the administrative charge - that Hennepin County "reject[ed] [his] application for another position" - are reasonably related to the claim that he was denied a promotion after interviewing for the Neighborhood Probation Officer position. Wolfe Aff. Ex. 2, at 2; see Stuart, 217 F.3d at 631 (noting that a later-filed civil suit may encompass allegations "as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination" (citation omitted)). As a result, the contents of the charge were sufficient to give Hennepin County notice of the failure-to-promote claims, and dismissal on this basis is not warranted.

**B. Sufficiency of Pleadings**

Hennepin County next argues that its decision not to hire Selmon-Vasser as a Neighborhood Probation Officer does not constitute an adverse employment action. Under Title VII and the MHRA, "in order for there to be ... discrimination that constitutes an unlawful employment practice, there must be some adverse employment action." Bahr v. Capella Univ., 788 N.W.2d 76, 83 (Minn. 2010) (citations omitted). "An adverse employment action must include some tangible change in duties or working conditions." Id. (citation omitted). "The Eighth Circuit has held that ... a denial of transfer ... [is] not [an] adverse employment action[] when the transfer[] [is] for [a] job[] of equal title and pay and

7

do[es] not include a material change in working conditions." Jensen v. Astrazeneca LP, No. 02-4844, 2005 WL 1432220, at *4 (D. Minn. Mar. 30, 2005) (citations omitted); see LePique v. Hove, 217 F.3d 1012, 1014 (8th Cir. 2000) (noting that although "the action complained of is the failure to transfer, but we see no reason to suppose that an action of that kind should be treated any differently" than an employer-mandated transfer).

In the Amended Complaint, Selmon-Vasser alleges that he "applied for a promotion to a Neighborhood Probation Officer position," and interviewed for the position but "was not given the promotion." Am Compl. ¶¶ 13-14. Hennepin County responds that the only Neighborhood Probation Officer position for which it accepted applications during the relevant time period was explicitly designated a "lateral transfer." Tiedeman Aff. Ex. 1, at 2. Further, the application included a statement that read "I am interested in being considered for lateral transfer to the full time Probation/Parole Officer position in the DOCCR Adult Division, Neighborhood Probation Unit. I am currently in the job classification of Probation/Parole Officer." Id.

The inquiry into whether the position was a promotion or a lateral transfer, however, is necessarily fact-dependent and the position's label of "lateral transfer" is not dispositive. See, e.g., Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000) (noting that a transfer may constitute an adverse employment

8

action if "the transfer results in a significant change in working conditions" (citations omitted)); cf. Spears v. Mo. Dep't of Corrs. & Human Res., 210 F.3d 850, 853 (8th Cir. 2000) (finding, in retaliation context, that "changes in employment that significantly affect an employee's future career prospects" can constitute an adverse employment action (citation omitted)); Delgado-O'Neil v. City of Minneapolis, 745 F. Supp. 2d 894, 902-03 (D. Minn. 2010) (analyzing, in retaliation context, whether forced transfer constituted an adverse employment action and considering change in "seniority or supervisory authority"), aff'd 435 F. App'x 582 (8th Cir. 2011) (per curiam). At this early stage in the proceedings, even if the court were to consider the contents of the job posting, as Hennepin County urges,[3] there is no record evidence by which to compare the two positions at issue. In sum, given the allegations that Selmon-Vasser was denied a promotion and the fact-specific nature of the failure-to-promote claim, Selmon-Vasser has adequately pleaded a plausible claim. As a result, dismissal is not warranted.

---

[3] Selmon-Vasser argues that the court should not consider the posting because it is (1) not embraced by the Amended Complaint and (2) inadmissible without further evidentiary foundation. The court need not reach this argument, however, as even if the posting is considered, dismissal is not warranted.

9

**III. Reprisal and Retaliation**

Selmon-Vasser next alleges claims for MHRA reprisal and Title VII retaliation. To ultimately prevail on either claim,[4] Selmon-Vasser "must prove (1) [he] engaged in protected activity; (2) [he] suffered a materially adverse employment action; and (3) the materially adverse action was causally connected to [his] protected activity." Wright v. St. Vincent Health Sys., 730 F.3d 732, 737 (8th Cir. 2013) (citations omitted). To establish causation, Selmon-Vasser "must prove the desire to retaliate was the but for cause of [his] termination - that is, that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of" Hennepin County. Id. at 737-38 (citations and internal quotation marks omitted).

Hennepin County argues that dismissal is warranted on the reprisal and retaliation claims. Specifically, Hennepin County argues that Selmon-Vasser cannot demonstrate a causal link between his reports of discrimination and his termination because he did not reveal the alleged harassment and discrimination until the November 28, 2011, proposed termination hearing. Generally, "[e]vidence that the employer had been concerned about a problem before the employee engaged in the protected activity undercuts the significance of the temporal proximity" between the report and the

---

[4] The court applies the same analysis to claims for Title VII retaliation and MHRA reprisal when, as here, the claims depend on identical facts and theories. See Kasper, 425 F.3d at 502.

termination. Smith v. Allen Health Sys., Inc., 302 F.3d 827, 834 (8th Cir. 2002).

Such a determination, however, is a fact-specific inquiry and is thus premature at this stage in the proceedings. Here, Selmon-Vasser has pleaded that he reported harassment and discrimination at the hearing and that, after the hearing, Tiedeman advised Selmon-Vasser that he would remain on administrative leave pending further investigation. See Am. Compl. ¶¶ 32-33. Thereafter, in the letter upholding the proposed termination, Tiedeman wrote, in part, "I have concluded that you were not forth coming [sic] during the Administrative Hearing regarding your relationship with a former co-worker who became your supervisor. You stated that you had a sexual relationship with this individual. After further investigation, I find your statements to be untruthful." Tiedeman Aff. Ex. 3; see Am. Compl. ¶ 36. At this stage in the proceedings - without the benefit of a developed record - such factual allegations plausibly plead a claim for retaliation and reprisal based on the reports of discrimination. As a result, dismissal is not warranted.[5]

---

[5] Hennepin County also moves to strike from the Amended Complaint several allegations related to the alleged relationship between Selmon-Vasser and Walswick. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The allegations that Hennepin County seeks to strike, however, are connected to Selmon-Vasser's retaliation and reprisal claims. Because the court finds that dismissal of the retaliation and
(continued...)

11

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the amended motion to dismiss [ECF No. 16] is denied.

Dated: November 26, 2013

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court

---

(...continued)
reprisal claims is not warranted, it declines to strike the related alleged facts from the Amended Complaint.